**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                       No. CR 09-3081 JB

ROGER MANZANERES-SANABRIA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States's Motion in Limine to Exclude Evidence, filed October 2, 2010 (Doc. 34). The Court held a hearing on November 30, 2010. The primary issues are whether the Court should, in this prosecution under 8 U.S.C. §§ 1326(a)(1) and (2), exclude evidence: (i) that Defendant Roger Manzaneras-Sanabria was not aware that he entered the United States illegally; (ii) that Manzaneras-Sanabria was under the mistaken belief that he was authorized to enter the United States; (iii) that Manzaneras-Sanabria was not aware of his prior deportation when he entered the United States; or (iv) that Manzaneras-Sanabria returned for a reason. Because Manzaneras-Sanabria's intent or motive is not an element of the offense with which he is charged, the Court will grant the motion in limine.

**FACTUAL BACKGROUND**

On August 22, 2009, an Immigration and Customs Enforcement agent arrested Manzaneras-Sanabria in Bernalillo County in the State and District of New Mexico. Immigration records showed that Manzaneras-Sanabria had been deported previously from the United States. The United States alleges Manzaneras-Sanabria had not received permission from the Secretary of Homeland Security

to return to the United States.  See Indictment at 1, filed October 21, 2009 (Doc. 14).

## PROCEDURAL BACKGROUND

The United States moves the Court for an order in limine prohibiting Manzaneras-Sanabria from mentioning or putting forth four contentions in any manner in the jury's presence. Specifically, the United States seeks to exclude any contention: (i) that Manzaneras-Sanabria was not aware that he entered the United States illegally; (ii) that Manzaneras-Sanabria was under the mistaken belief that he was authorized to enter the United States; (iii) that Manzaneras-Sanabria was not aware of his prior deportation when he entered the United States; or (iv) that Manzaneras-Sanabria returned for a reason.  The United States argues that evidence of Manzanares-Sanabria's state of mind or mistaken beliefs is not admissible evidence at trial because it is not relevant to Manzanares-Sanabria's guilt or innocence.

At the November 30, 2010 hearing, Manzaneras-Sanabria represented that he does not oppose excluding evidence that: (i) he was not aware that he entered the United States illegally; or (ii) he was under the mistaken belief that he was authorized to enter the United States.  See Transcript of Hearing at 3:19-4:2 (taken November 30, 2010)(Court, Kennedy)("Trujillo.").[1] Manzaneras-Sanabria, however, opposes excluding evidence relating to: (i) whether he was aware of his prior deportation; and (ii) whether he returned to the United States for a reason.  See Trujillo. at 4:3-10 (Court, Kennedy).  Manzaneras-Sanabria argues that, because § 1326(a) requires the United States to prove that he was deported, it is relevant whether he "was unaware that he was deported or there was a problem with the process."  Trujillo. at 6:23-25 (Kennedy).  Manzaneras-Sanabria further argues that his reason for re-entering the United States is relevant to his being

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

unaware that he was deported.  See Trujillo. at 7:23-8:6 ("[Court:] I'm not seeing [why] the reason would be relevant. . . . [Kennedy:] I guess what I'm trying to explain is . . . he doesn't think he was deported originally.  [Court:] Then he could just come for any reason. [Kennedy:] right.").

The United States concedes that it must prove that Manzaneras-Sanabria was previously deported, but asserts that whether he was aware of his deportation is irrelevant.  The United States argues that Manzaneras-Sanabria's reasons for returning to the United States are also irrelevant, and that allowing him to present evidence regarding his reason for re-entry would prejudice the jury and invite jury nullification.

## LAW REGARDING ILLEGAL REENTRY

The crime of entering the United States after deportation, in violation of 8 U.S.C. § 1326(a)(1) and (2), has four elements: (i) the defendant was an alien at the time he or she was found in the United States as alleged in the indictment; (ii) the defendant had been deported or removed previously from the United States; (iii) thereafter the defendant entered, or was found, in the United States; and (iv) the defendant had not received the consent of the appropriate authority, i.e., the Attorney General or Secretary of Homeland Security, to apply for readmission to the United States since the time of his or her previous deportation.  See 8 U.S.C. § 1326(a)(1), (2); Tenth Circuit Pattern Jury Instructions Criminal 2.05, at 81 (2005).

Section 1326 of Title 8 of the United States Code describes a crime of general intent and not one of specific intent.  See United States v. Hernandez-Hernandez, 519 F.3d 1236, 1239 (10th Cir. 2008); United States v. Martinez-Morel, 118 F.3d 710, 713 (10th Cir. 1997).  To secure a conviction, the United States must show only that the defendant's act, i.e., his or her entry or presence in the United States, was intentional.  See United States v. Hernandez-Hernandez, 519 F.3d at 1239; United States v. Martinez-Morel, 118 F.3d at 713.  To convict a defendant under 8 U.S.C. § 1326,

"the only intent the government must prove is the general intent to do the prohibited act, to-wit enter." United States v. Martinez-Morel, 118 F.3d at 712 (internal quotations and citations omitted). "'[T]he intent to do the act of entering the country' . . . will suffice to support a conviction under Section 1326's provision." United States v. Hernandez-Hernandez, 519 F.3d at 123 (quoting United States v. Martinez-Morel, 118 F.3d at 717). The United States need not prove that the defendant had an intent to break the law -- whether characterized as specific intent or general criminal intent. See United States v. Miranda-Enriquez, 842 F.2d 1211, 1212-13 (10th Cir. 1988).

In United States v. Martinez-Morel, the United States Court of Appeals for the Tenth Circuit held that documentary and testimonial evidence of the defendant's belief that he was not deported was not relevant and thus affirmed a district court's exclusion of such evidence. See 118 F.3d at 713-14. The Tenth Circuit held that "the defendant's belief about whether he was deported is not 'of consequence to the determination of the action.'" Id. at 713 (citing Fed. R. Evid. 401). That a defendant was unaware of his illegal status in the United States or that he was unaware of his prior deportation is therefore not a defense to the crime of illegal re-entry.

Moreover, a defendant's good-faith belief that he was entitled to enter the United States is also not a defense. See United States v. Miranda-Enriquez, 842 F.2d at 1213. Other circuit courts addressing this question have reached the same interpretation of 18 U.S.C. § 1326. See, e.g., United States v. Champegnie, 925 F.2d 54, 55 (2d Cir. 1991)(per curiam)("[A] good faith or mistake defense does not exist under Section 1326."); United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989)(concluding that only general intent is required for a conviction under 8 U.S.C. § 1326 and that mistaken belief that defendant was allowed to re-enter country was thus not grounds for acquittal); United States v. Pena-Cabanillas, 394 F.2d 785, 790 (9th Cir. 1968)(same), abrogated on other grounds by United States v. Smith-Baltiher, 424 F.3d 913, 920 (9th Cir. 2005). For some

time, the opposite result prevailed in the United States Court of Appeals for the Seventh Circuit. See United States v. Anton, 683 F.2d 1011, 1014-17 (7th Cir. 1982)(holding that intent to reenter the United States without permission was required to violate 8 U.S.C. § 1326).  In 2001, however, the Seventh Circuit overruled United States v. Anton and brought Seventh Circuit case law in line with the other circuits.  See United States v. Carlos-Colmenares, 253 F.3d 276, 278 (7th Cir. 2001).

Additionally, an alien who unlawfully reenters the United States is subject to criminal liability "regardless of the underlying motivation for such illegal entry."  United States v. Hernandez-Baide, 392 F.3d 1153, 1158 (10th Cir. 2004), judgment vacated by 544 U.S. 1015 (2005), opinion reinstated by 146 F. App'x 302 (10th Cir. 2005)(citing United States v. Martinez-Morel, 118 F.3d at 715-16).  As a result, the Tenth Circuit has held that a defendant's reasons for reentering is not an element of § 1326:

> [Section] 1326(a) is a regulatory measure with no express *mens rea* element or Congressional intent to include a *mens rea* element to be proven by the government for conviction.  "Our determination is consistent with the Supreme Court's conclusion that regulatory statutes, silent with respect to mens rea, "impose a form of strict liability," and an inference "Congress did not intend to require proof of *mens rea* to establish an offense."

United States v. Hernandez-Baide, 392 F.3d at 1158 (quoting United States v. Martinez-Morel, 118 F.3d at 715-17; and citing Staples v. United States, 511 U.S. 600, 606 (1994); United States v. Gutierrez-Gonzalez, 184 F.3d 1160, 1165 (10th Cir.1999)).  Accord United States v. Hernandez-Hernandez, 519 F.3d at 1240.

### LAW REGARDING RELEVANCY OF EVIDENCE

Relevant evidence is evidence that has a tendency to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Irrelevant evidence, or that which does not make a fact

of consequences more or less probable, is inadmissible.  See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

## ANALYSIS

The only questions at trial will be whether the United States can prove beyond a reasonable doubt the elements of the crime of illegal re-entry.  Section 1326(a), which Manzaneras-Sanabria is accused of violating, is a crime whose only intent element is that the defendant had the general intent to re-enter the United States.  See United States v. Martinez-Morel, 118 F.3d at 712-13. Evidence of Manzaneras-Sanabria' state of mind -- whether he knew he had been deported, his reasons for coming back to the United States, whether he was aware that he entered the United States illegally, and his beliefs about whether he was authorized to reenter the United States -- will not be admissible evidence at trial, because any such beliefs are not relevant to Manzaneras-Sanabria's guilt or innocence.  See United States v. Hernandez-Hernandez, 519 F.3d 1239-40; United States v. Hernandez-Baide, 392 F.3d at 1158; United States v. Martinez-Morel, 118 F.3d at 715-17.  In particular, that Manzaneras-Sanabria was not aware of his prior deportation when he returned to the United States is not relevant.  Manzaneras-Sanabria's "belief about whether he was deported is not 'of consequence to the determination of the action.'"  United States v. Martinez-Morel, 118 F.3d at 713 (citing Fed. R. Evid. 401); United States v. Ochoa-Olivas, No. 10-CR-49-36 WJ, at 2 (D.N.M. Apr. 23, 2010)("Here, evidence that the Defendant was unaware of his illegal status is not relevant to the crime charged." (citations omitted)).  Additionally, if he was not allowed to come back to the United States, then his reason for doing so is irrelevant.  See United States v. Hernandez-Hernandez, 519 F.3d at 1240; United States v. Hernandez-Baide, 392 F.3d at 1158; United States v. Ochoa-Olivas, No. 10-CR-49-36 WJ, at 2 ("In addition, the Defendant's reasons for reentering the U.S.—however laudable—are also irrelevant to the reentry offense." (citations

omitted)).

All evidence, proffers, or statements made by Manzaneras-Sanabria relating to his mental state are not relevant to the determination of his guilt, and the Court will exclude this evidence at trial under rules 401 and 402.  In the interests of promoting a fair and orderly trial, and of minimizing the potential for prejudice to the United States, the Court will issue this pretrial ruling on the admissibility of the evidence of Manzaneras-Sanabria' mental state.  While Manzaneras-Sanabria' subjective beliefs about why he reentered or whether he was legally permitted to reenter are not relevant, the Court notes that its exclusion of evidence does not prevent Manzaneras-Sanabria from introducing evidence that "there was a problem with the [deportation] process" or that he was authorized to reenter the United States.  Trujillo. at 6:23-25 (Kennedy).

**IT IS ORDERED** that the United States's Motion in Limine to Exclude Evidence, filed October 2, 2010 (Doc. 34), is granted.  The Court prohibits Defendant Roger Manzaneras-Sanabria from mentioning or putting forth in any manner in the jury's presence evidence: (i) that Manzaneras-Sanabria was not aware that he entered the United States illegally; (ii) that Manzaneras-Sanabria was under the mistaken belief that he was authorized to enter the United States; (iii) that Manzaneras-Sanabria was not aware of his prior deportation when he entered the United States; or (iv) that Manzaneras-Sanabria returned for a reason.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Norman Cairns
Holland S. Kastrin
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Christin K. Kennedy
Albuquerque, New Mexico

    *Attorney for the Defendant*